ANTRIM RESOURCES v PUBLIC SERVICE COMMISSION

Docket Nos. 115788, 115972. Submitted November 21, 1990, at Lansing. Decided January 2, 1991, at 9:15 A.M. Leave to appeal sought.

Michigan Consolidated Gas Company filed an application with the Public Service Commission, seeking approval of amendments of the price set under its natural gas purchase contracts with intrastate suppliers for the 1988 production year. Several intrastate suppliers, including Antrim Resources, intervened to file objections. The commission issued an opinion and order approving the amendments. The suppliers appealed, and their appeals were consolidated.

The Court of Appeals held:

1. The appellants' claims in this case are without merit because they are identical to claims regarding the price amendments for the 1986 production year that the appellants raised, and the Court of Appeals rejected, in the controlling decision in Antrim Resources v Public Service Comm, 179 Mich App 603 (1989).

2. The appellants' claim that the commission erred in making the 1988 price change effective on September 22, 1988, rather than January 1, 1988, is rejected in view of the appellants' failure to cite any authority in support of their position.

Affirmed.

*J. Andrew Domagalski,* for Antrim Resources, Leo M. Riley Company, R.E. George, and North Michigan Land & Oil Corporation.

*Varnum, Riddering, Schmidt & Howlett* (by *Jack D. Sage* and *Mark L. Collins*), for Dart Oil & Gas Corporation, Grace Petroleum Corporation, and Marathon Oil Company.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Don L. Keskey* and

*Patricia S. Barone,* Assistant Attorneys General, for Public Service Commission.

*Foster, Swift, Collins & Smith, P.C.* (by *William K. Fahey*), and *Dennis R. O'Connell* and *Daniel L. Schiffer,* for Michigan Consolidated Gas Company.

Before: DANHOF, C.J., and MCDONALD and MURPHY, JJ.

PER CURIAM. These appeals challenge the Public Service Commission's determination of the appropriate natural gas contract price to be paid by Michigan Consolidated Gas Company to the appellant intrastate gas producers for the production year 1988.

Except that this case involves production year 1988 rather than 1986, all of the issues raised except one pertaining to the effective date of the 1988 price are identical to those previously presented this Court in appellants' appeal of the commission's decision with respect to the 1986 production year. Appellants' claims, which were previously rejected by another panel of this Court in *Antrim Resources v Public Service Comm,* 179 Mich App 603; 446 NW2d 515 (1989), must again be rejected as we are unaware of any subsequent decision by this Court or by our Supreme Court which vitiates the rationale of the cited decision or contradicts its holdings in any way. Thus, as we agree with the reasoning of *Antrim Resources,* we find the decision controlling. MCR 7.215(C)(2).

We also reject appellants' claim that the commission erred in making the 1988 price change effective September 22, 1988, rather than January 1, 1988. Appellants failed to cite any authority supporting their position that the price determined in September 1988, after hearings were

held with regard to objections raised by the appellants, should have been made retroactive to January 1, 1988. *Consumers Power v Public Service Comm,* 181 Mich App 261; 448 NW2d 806 (1989). Appellants' reliance on the January 1 effective date for the 1986 and 1987 price rates is misplaced where the 1986 price was approved pursuant to the contract amendments and was uncontested, and the 1987 price was implemented pursuant to a settlement agreement which specifically provided for a January 1, 1987, effective date, no matter which party prevailed in the ultimate appeal of the rate.

Affirmed.